FILED
CLERK
10/30/2015 10:38 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-                                   **OPINION & ORDER**
                                                10-CR-508 (SJF)
RAUL TATIS,

                      Defendant.
------------------------------------------------------------------X
FEUERSTEIN, J.

       On November 4, 2011, defendant Raul Tatis ("defendant") pleaded guilty to a narcotics offense, and on June 13, 2012, the Court sentenced him to a term of imprisonment of one hundred twenty-one (121) months, to be followed by a period of supervised release of four (4) years. Defendant, *pro se*, now moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and for resentencing. For the reasons set forth herein, defendant's motions are denied.

                            I.      Background

      Defendant pleaded guilty to one (1) count of distribution and possession of one hundred grams (100g) or more of heroin with intent to distribute, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i), 846. [Docket Entry No. 61]. The Court determined pursuant to the United States Sentencing Guidelines ("the Guidelines") in effect at the time of defendant's sentencing, defendant's base offense level was thirty-one (31), and his Criminal History Category was I, which resulted in a custodial guideline range of one hundred and eight (108) to one hundred thirty-five (135) months. Addendum to the Presentence Report (Add. Pres. Rep.) 1, [Docket Entry No. 93]; *see* former U.S.S.G. § 2D1.1(a)(5). The Court considered the factors set forth in 18 U.S.C. § 3553(a) ("the Section 3553 factors"), and on June 13, 2012, sentenced him to one hundred twenty-one (121) months custody followed by four (4) years of supervised release. [Docket

1

Entry Nos. 60, 61].

On July 3, 2012, defendant was designated to the Federal Correctional Institution at Fort Dix, New Jersey, where he committed two (2) disciplinary infractions while in custody there; on November 7, 2013, he was cited for mail abuse, for which he received twenty-seven (27) days loss of good conduct time, a thirty (30)-day loss of commissary privileges, and fifteen (15) days of disciplinary segregation, which was suspended for ninety (90) days pending clear conduct; and on August 25, 2015, he was cited for possession of a dangerous tool, after he was observed placing a cellphone into his shoe, and received a forty (40)-day loss of good conduct time, ninety (90)-day loss of electronic mail and telephone privileges, and fifteen (15) days of disciplinary segregation, which was suspended for ninety (90) days pending clear conduct. Add. Pres. Rep. 2. He was also moved to the Special Housing Unit as a result of the incident, and does not have a work assignment. *Id.* He has taken classes in Japanese, trigonometry, logic, geology, creative writing, start-up business, green technology, literature, legal research, sociology, drug education, and business preparation. *Id.* He is currently scheduled for release on July 7, 2020, and becomes eligible for home detention on January 7, 2020. *Id.*

## II. Discussion

Defendant moves both for a resentencing and for a reduction in his sentence under 18 U.S.C. § 3582(c)(2), which provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant, . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the

Sentencing Commission.

The Supreme Court has held that "[b]y its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding. Instead, it provides for the 'modif[ication of] a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the [Sentencing] Commission." *Dillon v. United States*, 560 U.S. 817, 130 S. Ct. 2683, 2690 (2010); *see also United States v. Johnson*, 732 F.3d 109, 116 (2d Cir. 2013) (holding that a Section 3582(c)(2) proceeding is "neither a sentencing nor a resentencing.") Since Section 3582(c)(2) authorizes "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding," *Dillon*, 560 U.S. 817, 130 S. Ct. at 1391, the sentencing court is not "free to address . . . arguments regarding [other] errors at [the defendant's] original, now-final sentencing." *United States v. Mock*, 612 F.3d 133, 134-35 (2d Cir. 2010). Accordingly, defendant's motion for resentencing is denied.

As for his motion to reduce his sentence, "[t]he Supreme Court has set forth a 'two-step inquiry' for" the Court to follow. *United States v. Christie*, 736 F.3d 191, 194 (2d Cir. 2013) (citing *Dillon*, 560 U.S. 817, 130 S. Ct. at 2683); *accord United States v. Bethea*, 735 F.3d 86, 87 (2d Cir. 2013). First, the sentencing court must "determine that a reduction is consistent with § 1B1.10 . . . by determin[ing] the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Dillon*, 560 U.S. 817, 130 S. Ct. at 2691. "Specifically, § 1B1.10 requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id*.

At the second step of the *Dillon* inquiry, applicable only if the defendant is found eligible for

a reduction in sentence pursuant to Section 3582(c)(2), the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. 817, 130 S. Ct. at 2692. The policy statement in Section 1B1.10 "remains in play at th[e] [second] step as well." *Mock*, 612 F.3d at 137. Moreover, in considering whether, and to what extent, a reduction in the defendant's term of imprisonment is warranted, the Court must consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," U.S.S.G. § 1B1.10, App. Note 1(B)(ii), and may also consider his or her conduct while in prison that occurred after sentencing. *See United States v. Figueroa*, 714 F.3d 757, 761 (2d Cir. 2013) (citing U.S.S.G. § 1B1.10, App. Note 1(B)(iii) ("The court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining . . . whether a reduction in the defendant's term of imprisonment is warranted . . . .")); *United States v. Wilson*, 716 F.3d 50, 53 (2d Cir. 2013). Thus, "even where a defendant is permitted to seek a reduction, the district judge may conclude that a reduction would be inappropriate." *Freeman v. United States*, 131 S. Ct. 2685, 2694 (2011).

A. Eligibility for a Sentence Reduction

Amendment 782 to the Guidelines, effective November 1, 2014, modified § 2D1.1(c) of the Guidelines by reducing the offense levels in the Drug Quantity Table by two (2) levels and, thereby, lowering the advisory Guidelines sentencing range for certain categories of drug-related offenses. Amendment 788 of the Guidelines, also effective November 1, 2014, authorized retroactive application of Amendment 782 to individuals sentenced before its effective date, such as defendant, provided that no incarcerated defendant was released prior to November 1, 2015. *See United States*

*v. Vargas*, 74 F. Supp. 3d 601, 602 (S.D.N.Y. 2015). Pursuant to Amendment 788, subsection (e) was added to § 1B1.10 of the Guidelines, which provides that "[t]he Court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later."

However, "[a] retroactive amendment to the Guidelines merely authorizes a reduction in sentence; it does not require one." *Wilson*, 716 F.3d at 52 (quotations and citation omitted); *see also United States v. Rios*, 765 F.3d 133, 137 (2d Cir. 2014), *cert. denied, Bautista v. United States*, — S. Ct. —, 2015 WL 2256183 (Oct. 5, 2015) (reviewing the district court's denial of a motion to reduce the defendant's sentence under § 3582(c)(2) for abuse of discretion). Moreover, a court's discretion to reduce a sentence under Section 3582(c)(2) is limited by the Sentencing Commission's binding policy statement as set forth in § 1B1.10 of the Guidelines. *See Freeman*, 131 S. Ct. at 2693 ("The binding policy statement governing § 3582(c)(2) motions places considerable limits on district court discretion.") Section 1B1.10 of the Guidelines provides, in relevant part:

> (a) Authority–
>
> > (1) In General.– In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
> >
> > (2) Exclusions.– A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if– (A) None of the amendments listed in subsection (d) is applicable to the defendant; or (B) An amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.
> >
> > (3) Limitation.– Consistent with subsection (b), proceedings under 18 U.S.C. 3582(c)(2) and this policy statement do not constitute a full

> resentencing of the defendant.
> (b)   Determination of Reduction in Term of Imprisonment.–
>
> (1) In General.– In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.
>
> (2) Limitation and Prohibition on Extent of Reduction.– (A)   Limitation.– Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.   (B)   Exception for Substantial Assistance.– If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.   (C)   Prohibition.– In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.
>
> . . . .
>
> (e)   Special Instruction.– (1) The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later."

Thus, pursuant to the Sentencing Commission's policy statement, "[a]ll Guidelines decisions from the original sentencing remain in place, save the sentencing range that was altered by retroactive amendment." *Freeman*, 131 S. Ct. at 2693 (citing U.S.S.G. § 1B1.10(b)(1)).

Under Amendment 782, defendant is eligible for a reduction from thirty-one (31) to twenty-nine (29), which corresponds to a custodial guideline range of eighty-seven (87) to one hundred and eight (108) months.   Add. Pres. Rep. 2.   Accordingly, defendant is eligible for a sentence reduction

6

under Section 3582(c)(2) and, pursuant to the policy statement, his sentence may be reduced by as much as thirty-four (34) months, *i.e.*, to eighty-seven (87) months, the minimum amended Guidelines range. *See* U.S.S.G. § 1B1.10(b)(2)(A).

B. Whether a Reduction is Warranted

Upon (1) review of the Addendum to the Presentence Report and defendants' submission on this motion; (2) reconsideration of the applicable factors under 18 U.S.C. § 3553(a); (3) consideration of the nature and seriousness of the danger that may be posed by a reduction in defendant's term of imprisonment; and (4) defendant's disciplinary infractions while incarcerated, the Court finds that a reduction of defendant's sentence to a term of imprisonment is not warranted.

III. Conclusion

For the reasons set forth above, defendant's motions for resentencing and for a reduction in his sentence of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) are denied.

SO ORDERED.

                                                                                 /s/
                                        SANDRA J. FEUERSTEIN
                                        United States District Court

Dated: October 30, 2015
       Central Islip, New York